**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **LACHEZAR DIMITROV,**<br><br>***Plaintiff,***<br><br>**v.**<br><br>**WARDEN OF ERO EL PASO CAMP EAST MONTANA, MARY DE ANDA-YBARRA, FIELD OFFICE DIRECTOR OF ENFORCEMENT AND REMOVAL OPERATIONS, EL PASO FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE); TODD LYONS, ACTING DIRECTOR OF U.S. IMMIGRATION & CUSTOMS ENFORCEMENT (ICE); MARKWAYNE MULLIN, SECRETARY OF THE U.S. DEPARTMENT OF HOMELAND SECURITY (DHS); AND TODD BLANCHE, ACTING ATTORNEY GENERAL OF THE U.S. DEPARTMENT OF JUSTICE,**<br><br>***Defendants.*** | § § § § § § § § § § § § § § § § § § § § § § § § § | **No. 3:26-CV-01399-LS** |

**ORDER DISMISSING CASE**

Respondents have notified the court that Petitioner was removed from the United States on or about July 29, 2026.[1] Petitioner filed a petition for a writ of habeas corpus regarding his detention by Immigration and Customs Enforcement.[2] Because Petitioner is no longer detained by

[1] ECF No. 7.
[2] ECF No. 1.

Respondent, his petition is moot.[3] The Court therefore **DENIES** Petitioner's writ of habeas corpus and **DISMISSES** this case as moot.

**SO ORDERED**.

**SIGNED** and **ENTERED** on November 18, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

[3] *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988) (stating that a habeas petition becomes moot when the habeas relief requested can no longer be effected); *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) ("[A] case 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" (citation omitted)).